## TODENHOFT v. DE ROOS.

Comp. Laws 1887, § 6133, providing that on appeal from a justice is not effectual, "for any purpose," unless a bond be filed in the sum of $100 for the payment of costs was amended by eliminating the prase "for any purpose," and was also further amended (Rev. Justices' Code, § 103) by providing that, if a party has in good faith filed the notice of appeal, and also attempted to file a bond, but the appellate court deems it insufficient, it may retain the appeal and authorize a new undertaking to be given, or the one given to be amended. **Held,** that wnere, on appeal from a justice, the notice of appeal was duly filed, and a deposit of $100 as a cash bond was made in lieu of an undertaking, the appellate court properly granted appellant leave to file a bond.

(Opinion filed, April 2, 1907.)

Appeal from Circuit Court, Butte County.   Hon. W. G. RICE, Judge.

Action by Ed Todenhoft against Jacob De Roos. From a judgment granting defendant leave to file a new undertaking on appeal, plaintiff appeals. Affirmed.

*W. E. Benedict,* and *O. E. Farnham,* for appellant. *T. W. La-Fleiche,* for respondent.

FULLER, P. J.  On this appeal, the jurisdiction of the circuit court to permit the filing of a new undertaking on appeal thereto from a judgment for $50 and costs entered in justice court is the only question presented for our consideration.  Within the statutory period a notice of appeal, stating that the appeal from such judgment is on questions of both law and fact, and demanding a new trial in the circuit court, was duly served and filed with the justice of the peace, together with a deposit of $100, and an instrument which, omitting the caption, is as follows:  "Whereas, on the 3d day of November, 1905, judgment was rendered by D. J. Arnold, justice of the peace in the above-entitled action, for the sum of $50.00, damages and $——— costs, in favor of Ed. Todenhoft, plaintiff, and against Jacob De Roos, defendant, and the defendant feeling aggrieved thereby and intending to appeal therefrom to the circuit court of the Eighth judicial circuit in and for Butte county, and from the whole of said judgment, and on the questions of both law and fact, and demands a new trial of said issues in the circuit court. Now, therefore, the undersigned, Jacob De Roos, defendant, does hereby deposit with D. J. Arnold, justice of the peace, the sum of $100, lawful money of the United States, for and to be used as an undertaking on appeal, conditioned for the payment of the costs on appeal, it being a sum in excess of the amount of the judgment including all costs appealed from.  Dated at the city of Belle Fourche, S. D., November 24, 1905.  Jacob De Roos, defendant and appellant."

Concurrently with a motion to dismiss the appeal on the ground that no undertaking for costs had been given, a counter motion was made for leave to file a new undertaking to supplement the deposit and undertaking filed therewith, and at the hearing an order was

entered, the material recitals of which are as follows: "On this 8th day of December, 1905, the above-entitled cause coming on to be heard for trial in this court upon appeal from a justice of the peace court in and for Butte county, S. D., and the plaintiff and respondent moving the court before trial to dismiss the appeal upon the grounds and for the reasons that said circuit court had no jurisdiction thereof, or of said action, for the reason that no undertaking conditioned for the payment of the costs on the appeal, or any undertaking on said appeal had been given and filed, and immediately thereafter, and upon the making of said motion, and before the same was determined by this court, or said appeal dismissed, the defendant and appellant duly moved the court for leave to file a new undertaking, or the one given to be perfected within a time specified by order of this court, and it appearing to the saticfaction of the court from all of the records and files in the case that the defendant and appellant attempted in good faith to appeal to this court, and has in good faith given, served, and filed a notice of appeal required by law, and also attempted in like good faith to make and file an undertaking as required by the provisions of section 103, Revised Justices' Code (Rev. St. 1903), and it further appearing to the satisfaction of the court that said undertaking was insufficient, being a cash bond, together with a written undertaking conditioned for the payment of costs on appeal signed only by the defendant and appellant, without two sureties, and the court being fully advised in the premises, it is ordered that the motion of the plaintiff and respondent to dismiss said appeal be and the same is hereby denied, and the defendant and appellant is given until the noon hour of this court this 8th day of December, 1905, in which to give and file a new undetaking on said appeal; and it is further ordered that this court retain the appeal, and it does hereby authorize the giving of the said new undertaking as provided by law. Done in open court this 8th day of December, 1905. By the Court: W. G. Rice, Judge."

Under section 6133 of the Compiled Laws of 1887, providing that "an appeal from a justice's court is not effectual for any purpose, unless an undertaking be filed, with two or more sureties, in the sum of one hundred dollars, for the payment of the costs

on the appeal," it was uniformly held that depositing with the justice the amout of the judgment, including costs, did not obviate the necessity of filing the undertaking therein specified, but the phrase "for any purpose" was eliminated by the commission appointed to revise the Codes, and the provision was further amended as follows: "If a party attempting to appeal has in good faith given, served and filed the notice of appeal required, and also attempted in like good faith to make and file an undertaking as herein required, but the appellate court deems it insufficient for any reason, the appellate court may upon application by the appellant retain the appeal and authorize a new undertaking to be given, or the one given perfected within a time to be specified by such appellate court, and allow the sureties therein to justify." Revised Justices' Code, § 103.

Although the required cost bond was not filed, the appeal was taken according to the express terms of the statute by the service and filing of the notice of appeal, and the deposit of a sum of money equal to the amount that should have been specified in an undertaking signed by two or more sureties plainly indicates an attempt in the utmost good faith to make the appel effectual. In view of the hardships resulting to litigants from the existing statute, as construed by this court, the amendment was made broad enough to cover cases like the present by conferring jurisdiction upon the court to grant the appellant leave to file new undertaking under such circumstances as this record discloses, and the order complained of is clearly within judicial discretion.

The judgment appealed from is therefore affirmed.